UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Travis Fields, | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-00360 |
| v. | : |
| American InterContinental University; and DOES 1-10, inclusive, | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, Travis Fields, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Travis Fields ("Plaintiff"), is an adult individual residing in Decatur, Indiana, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant American InterContinental University ("AICU"), is an Illinois business entity with an address of 231 North Martingale Road, Schaumburg, Illinois 60173, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by AICU and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. AICU at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, AICU placed calls Plaintiff's cellular telephone, number 260-xxx-2253, in an attempt to solicit to Plaintiff its services.

8. AICU placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS").

9. When Plaintiff answered the calls from AICU, he was met with a period of silence and had to hold the line to be connected to a live representative.

10. On or around September 8, 2015, Plaintiff informed AICU that he was not interested in its services and instructed AICU to cease calling him.

11. Nonetheless, AICU placed at least 15 additional calls to Plaintiff's cellular telephone without Plaintiff's consent.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times referenced herein and within the last four years, AICU placed calls to Plaintiff on his cellular telephone by using an automated telephone dialer system.

14. AICU's telephone dialing systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. The TCPA prohibits the use of a predictive dialer, defined as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. When a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

16. AICU's telephone dialing systems have all the earmarks of a predicative dialer, as Plaintiff experienced dead air and a period of silence prior to the call being transferred to a representative.

17. The telephone number called by AICU was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from AICU to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff specifically requested that the calls stop. As such, AICU's automated calls were made without Plaintiff's consent and in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. AICU continued to barrage Plaintiff with automated calls knowing that it lacked consent to call and after Plaintiff's request that AICU stop calling.

21. AICU continued to call Plaintiff without his consent in knowing and/or willful violation of the TCPA, and as such each call is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED ON ALL COUNTS**

Dated: November 27, 2015

    Respectfully submitted,

    By /s/ Amy L. Cueller

    Amy L. Cueller, Esq.
    LEMBERG LAW, L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
    Attorneys for Plaintiff